UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   RORY SMITH,

                          Plaintiff,

                 -against-

ANDREW CUOMO, Attorney General of the State
of New York, CHARLES HYNES, District Attorney
Kings County, and COMMISSIONER NEW YORK
POLICE DEPARTMENT,

                          Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-4794 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Rory Smith ("Smith"), pro se, currently incarcerated at the Otis Bantum Correctional Center ("OBCC") at Rikers Island, brings this action under the Fourteenth Amendment, 28 U.S.C. § 2403, and Federal Rule of Civil Procedure 5.1, challenging New York Penal Law § 110/125.25, Attempted Murder in the Second Degree. As set forth below, the court grants Smith's request to proceed in forma pauperis under 28 U.S.C. § 1915(b) (Docket Entry # 3), and orders Smith to file an amended complaint within thirty days.

**I. DISCUSSION**

Under 28 U.S.C. § 1915A, the court must screen a civil complaint brought by a prisoner against a governmental entity or its agents to determine if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a) & (b)(1); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing sua sponte standard of review under §1915A for prisoners). A prisoner's complaint, like all complaints, must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiff must "plead[] factual content that allows the court to draw

1

the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). When reviewing filings from a pro se plaintiff, the court must construe them liberally and interpret them as raising the strongest arguments they suggest. Harris v. Mills, 572 F.3d 66, 73 (2d Cir. 2009).

Smith complains that "the practice of New York City Police Department of moving my human body from one agency to another agency, without my consent, as a private citizen, is an unlawful act" and seeks a declaratory judgment that "the statutes and conduct(s) cited are unconstitutional on there [sic] faces." (Complaint (Docket Entry # 1) at 1-2.) Aside from this general allegation, Smith alleges no facts, whatsoever, particular to his case. Even read liberally, Smith's Complaint does not plead enough factual content for the court to draw any inferences that Defendants are liable for conduct alleged by Smith, or even what the conduct alleged by Smith is. Nonetheless, the court will order Smith to file an amended Complaint in thirty days, and directs Smith to plead sufficient factual content to allow the court to consider his claim. See Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000).

## II. CONCLUSION

For the reasons discussed above, the court ORDERS Plaintiff to file an amended complaint with thirty days of this Memorandum and Order. The index number assigned to this case must be noted on the first page of the amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, the court will dismiss the Complaint without prejudice and enter judgment against Plaintiff. 28 U.S.C. § 1915A(b). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and

therefore denies in forma pauperis status for any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 28, 2010

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge