D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   RORY SMITH,

                   Plaintiff,

           -against-

ANDREW CUOMO, Attorney General of the State
of New York, CHARLES HYNES, District Attorney
Kings County, and COMMISSIONER NEW YORK
POLICE DEPARTMENT,

                  Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**10-CV-4794 (NGG)**

NICHOLAS G. GARAUFIS, United States District Judge.

On October 8, 2010, Plaintiff Rory Smith ("Smith"), pro se, currently incarcerated at the Otis Bantum Correctional Center ("OBCC") at Rikers Island, brought an action under the Fourteenth Amendment, 28 U.S.C. § 2403, and Federal Rule of Civil Procedure 5.1, challenging New York Penal Law § 110/125.25, Attempted Murder in the Second Degree. (Complaint (Docket Entry # 1).) The same day, Smith separately moved to proceed in forma pauperis. ("Motion" (Docket Entry # 2).) On October 28, 2010, this court granted Smith's motion and ordered him to file an amended complaint. (Memorandum and Order (Docket Entry # 4).) Smith did so on November 5, 2010. (Amended Complaint (Docket Entry # 5).) In accordance with Younger v. Harris, 401 U.S. 37 (1971) and the Younger abstention doctrine, this court now dismisses Smith's Amended Complaint.

I.    **DISCUSSION**

Under 28 U.S.C. § 1915A, this court must screen Smith's Amended Complaint to determine if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(a), (b)(1); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007).

1

According to his Amended Complaint, Smith was arrested and indicted under New York Penal Law § 110/125.25. (See Amended Complaint.) The gravamen of his Amended Complaint suggests his trial is currently underway. (See id.) Smith's Amended Complaint seeks a declaratory judgment from the court that New York Penal Law § 110/125.25 is unconstitutional. (Amended Complaint ¶ 1.)

In Younger, the Supreme Court prohibited a District Court from enjoining an ongoing state prosecution – even if the law under which the plaintiff was being prosecuted was unconstitutional. 401 U.S. at 46. Younger consequently requires the District Courts to "abstain" from addressing the constitutionality of a state penal law called into question by an indicted plaintiff, until the plaintiff has exhausted such arguments in state court. Id. In interpreting Younger, the Second Circuit has crafted three factors that weigh in favor of abstention: "when (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court." Hansel v. Town Court for the Town of Springfield, N.Y., 56 F.3d 391, 393 (2d Cir. 1995). The court may nonetheless address the constitutionality of the asserted state statute if the plaintiff can show "extraordinary circumstances" in his case. Id.

Here, Smith's Amended Complaint meets all three factors that militate in favor of Younger abstention: (1) Smith's indictment and criminal trial is an ongoing state proceeding; (2) New York's interest in resolving its trial without interruption would be implicated by this court's ruling on the statute's constitutionality; and (3) Smith has an avenue open to assert his constitutional claims in state court. Nothing in Smith's Amended Complaint, or in any of his other submissions, suggests any extraordinary circumstances to otherwise warrant intervention. Nor does it matter that Smith seeks declaratory as opposed to monetary or equitable relief. See

2

Samuels v. Mackell, 401 U.S. 66, 73 (1971). The court will not intervene in Smith's state court criminal proceedings. Consequently, Smith's Amended Complaint fails to state a claim upon which relief can be granted.

## II. CONCLUSION

For the reasons discussed above, the court dismisses Plaintiff's Amended Complaint. The court directs the Clerk of the Court to close this case. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore denies in forma pauperis status for any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.                                    s/Nicholas G. Garaufis

Dated: Brooklyn, New York                      NICHOLAS G. GARAUFIS
November 16, 2010                              United States District Judge